Joseph TUCKER, Nicholas Makris and Charles Tucker, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

LOCAL 70 BARTENDERS' UNION OF BROOKLYN AND QUEENS, and Vincent D. Shaw, President, and Thomas J. Moore, Secretary-Treasurer of Local 70 Bartenders' Union of Brooklyn and Queens, Defendants.

Civ. No. 64–C–906.

United States District Court
E. D. New York.

Nov. 2, 1964.

James M. Malone, Brooklyn, N. Y., for plaintiffs.

Luxemburg & Wyle, New York City, for defendants; by Harold L. Luxemburg, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The plaintiffs move for summary judgment, declaring an alleged assessment illegal and in violation of the Labor-Management Reporting and Disclosure Act of 1959 and for a temporary injunction ordering the defendants to refrain from disqualifying members of the defendant Union from nomination and election to office and from voting at the scheduled election, because of failure to pay such assessment.

Article VIII, Section 3 of the By-Laws of the defendant Union, in effect on January 1, 1950, states:

"Assessments: The Executive Board shall have the power to levy assessments at any time when in their judgment assessments are necessary, but in no case shall the total assessments levied exceed 25¢ per member per month."

Subsequently this assessment was levied and regularly collected. Congress in September 1959 enacted the Bill of Rights; constitution and bylaws of labor organizations, 29 U.S.C.A. § 411.

The applicable portion of 29 U.S.C.A. § 411(a) (3) states:

" * * * the rates of dues and initiation fees payable by members of any labor organization in effect on September 14, 1959 shall not be increased, and no general or special assessment shall be levied upon such members, except—

"(A) in the case of a local labor organization, (i) by majority vote

by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot; * * *."

On June 30, 1961 the Constitution and By-Laws of the local Union were amended so as to conform to the said statute. See Article IX, Section 3 of said By-Laws.

The plaintiff, Joseph Tucker, at page 3 of his affidavit, challenges the validity of the assessment. He asserts that no notice was given nor has any approval been voted upon pursuant to the Act.

Thomas J. Moore, the Secretary-Treasurer of the defendant Union in his affidavit states that the proposed amendment was presented to the Union, and it favorably voted approval thereof. He further alleges at page 3 that Joseph Tucker at this meeting recorded the minutes and that the Local Union specifically approved the following language:

"* * * the general assessment of 25 cents per month heretofore approved by the membership, which assessment shall be continued, * *."

It appears that subsequent to the favorable vote of the local, the matter was then referred to the General President of the International Union for his approval also that except for minor changes it was approved in substance. This authority is found in the constitution of the International Union, Article V, Section 10, Page 14.

The affidavits indicate that no new assessment was levied by the local in violation of the Act, and that the existing levy was continued.

■■ It is well settled that summary judgment may be granted only upon a showing that no genuine issue of fact exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Any reasonable doubt should be resolved against the moving party. 6 Moore's Federal Practice, 2nd Ed. § 56.02, pp. 2012–2013; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464. The opposing affidavits clearly demonstrate that the material facts are in sharp dispute.

The plaintiffs seek a temporary injunction respecting the election in November 1964. The moving affidavit of Joseph Tucker states in part:

"* * * plaintiffs, and all persons similarly situated, will sustain permanent damage, by being denied the right to run for election and to vote in the coming elections."

■■ It is well settled that the drastic remedy of an injunction will lie only when the moving party will sustain irreparable damage and has no remedy at law. After a careful examination and consideration of the affidavits, briefs and oral argument, the Court concludes that a preliminary injunction is not warranted. The issues should be resolved by a trial.

The motion is denied.

Settle order on three (3) days' notice.